Raymond W. Battaglia
Texas Bar I.D. 01918055
rbattaglialaw@outlook.com
Law Offices of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX 78218
Telephone: (210) 601-9405

--------------------

David A. Hall
Michigan Bar #P81426
halld@millerjohnson.com
John T. Piggins
Michigan Bar #P34495
pigginsj@millerjohnson.com
Rachel L. Hillegonds
Michigan Bar #P67684
hillegondsr@millerjohnson.com
PO Box 306
Grand Rapids, Michigan 49501-0306
Telephone: (616) 831-1700

*Co-Counsel for Debtor*

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 17-40120-rfn |
| | § | Chapter 11 |
| ARABELLA EXPLORATION, LLC, a Texas limited liability corporation, | § | Honorable Russell F. Nelms |
| | § | U.S. Bankruptcy Judge |
| Debtor. | § | |
| | § | |
| IN RE: | § | Case No. 17-41479-rfn |
| | § | Chapter 11 |
| ARABELLA OPERATING, LLC, a Texas limited liability corporation, | § | Honorable Russell F. Nelms |
| | § | U.S. Bankruptcy Judge |
| Debtor. | § | |
| | § | |

## DEBTORS' MOTION FOR AN ORDER DIRECTING
## JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

The above-captioned debtors (the "Debtors"), by and through undersigned proposed counsel[1] hereby move this Court for the entry of an order granting joint administration

---

[1] The employment of the undersigned counsel has been approved in the Arabella Exploration, LLC case, No. 17-40120-rfn.

of their respective chapter 11 cases, in substantially the form attached as **Exhibit A**, and respectfully state as follows:

### Jurisdiction

1. On this date (the "AO Petition Date"), Debtor Arabella Operating, LLC ("AO") filed its voluntary petition for relief under chapter 11 of title 11 of United States Code as amended (the "Bankruptcy Code").

2. On January 8, 2017 (the "AEX Petition Date"), Debtor Arabella Exploration, LLC ("AEX") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. Debtors continue to manage and operate their business as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. On January 24, 2017, the retention of Chip Hoebeke as chief restructuring officer of AEX was authorized by the Court in the AEX bankruptcy case. Mr. Hoebeke is also the manager of AO.

5. No trustee or examiner has been appointed in Debtors' chapter 11 cases and no committee has been appointed or designated.

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The basis for the relief requested herein are § 105(a) of the Bankruptcy Code, Rule 1015(b)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015(1)(a) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas ("Local Bankruptcy Rules").

## Background

8.   In support of this motion, Debtors state:

   a.   AEX and AO are both wholly owned subsidiaries of Arabella Exploration, Inc. ("AEI").[2]

   b.   Upon information and belief, AO was the previous operator of oil and gas assets owned by AEX.

   c.   The Debtors are co-obligors for secured debt owed to Platinum Partners Credit Opportunities Master Fund, LP ("Platinum").

   d.   Upon information and belief, AO may have record title to oil and gas assets. The AO bankruptcy case was filed to facilitate a sale of its assets, along with the assets of AEX, pursuant to a settlement reached at the mediation which took place on March 27, 2017 and March 28, 2017 by and among (1) Morris D. Weiss, chapter 11 trustee in the Arabella Petroleum Company, LLC ("APC") bankruptcy case, pending in the United States Bankruptcy Court for the Western District of Texas (Case No. 15-70098 – TMD), (2) Debtors' previous owner and manager, Jason Hoisager, (3) Platinum[3], (4) AEI and (5) AEX (the "Mediation Parties"). Pursuant to that settlement, the Mediation Parties agreed to, among other things, a joint sale process of substantially all assets owned by AEX, AO and APC.

   e.   A motion to sell substantially all assets of AEX has already been filed in the AEX bankruptcy case (the "Sale"). The assets of AO will be included as part of the Sale.

## Basis for Relief

9.   In order to optimally and economically administer the Debtors' pending chapter 11 cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to AEX.

---

[2] Debtors' parent company, AEI, is the subject of a Winding Up proceeding in the Grand Court of the Cayman Islands, in the Matter of the Companies Law (2013 Revision) (As Amended) and in the Matter of Arabella Exploration, Inc., Cause No. FSD 72 of 2016, RMJ, and is under the management of court-approved joint official liquidators. A chapter 15 proceeding is pending before this Court for recognition of the AEI Cayman Case (Case No. 17-40119 – MXM).

[3] Platinum and its affiliates are the subject of a Securities and Exchange Commission receivership proceeding in the Eastern District of New York (16-cv-6848(KAM)(VMS)), in which Bart Schwartz has been appointed as receiver, and has the authority to act on behalf of Platinum.

3

10. Chip Hoebeke was appointed chief restructuring officer of AEX pursuant to an order dated March 2, 2017 [DN 114] (the "CRO Order").[4] Upon the entry of an order approving this motion, the Debtors request that the CRO Order also govern the terms of Mr. Hoebeke's employment by AO.

11. Pursuant to Bankruptcy Rule 1015(b)(4), "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors in these bankruptcy cases are "affiliates" as that term is defined in § 101(2) of the Bankruptcy Code; accordingly, both the Bankruptcy Code and the Bankruptcy Rules authorize a grant of the relief requested herein.

12. Pursuant to Local Bankruptcy Rule 1015(1)(a):

> When a case is filed for or against a debtor related to a debtor with a case pending in the Bankruptcy Court, a party in interest may file a motion for joint administration in each case. Motions for joint administration will be assigned for determination to the bankruptcy judge presiding over the first related case filed in this district, regardless of the division in which the case is filed.

Local Bankruptcy Rule 1015(1)(a). As described above, the Debtors are related to one another and are both parties in interest in these chapter 11 cases.

13. Many of the motions, hearings, and orders that will arise in these chapter 11 cases will jointly affect each Debtor. By jointly administering these chapter 11 cases, the Debtors will be able to reduce fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

14. Additionally, jointly administering the AEX and AO cases will efficiently facilitate each Debtor selling its assets in connection with the Sale.

---

[4] The Court approved Mr. Hoebeke's appointment at a January 24, 2017 hearing on the employment application, although the CRO Order was not entered until later.

15.  Further, the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of these chapter 11 cases because this motion requests only administrative, not substantive, consolidation of the estates. Any creditor may still file a claim against a particular Debtor or its estate. This Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified by joint administration of these cases. Thus, all parties in interest should benefit from the reduced costs as a result of joint administration.

16.  Based on the foregoing, the joint administration of these chapter 11 cases is in the best interests of the Debtors, their creditors, and all parties in interest. Accordingly, the Debtors request that the caption of the chapter 11 cases be modified to reflect the joint administration of such cases, as follows:

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **IN RE:** | § Case No. 17-40120-rfn |
| **ARABELLA EXPLORATION, LLC, a Texas limited liability corporation, et al.,** | § Chapter 11 |
| | § (Jointly Administered) |
| | § Honorable Russell F. Nelms |
| **Debtors.**[1] | § U.S. Bankruptcy Judge |
| | § |

[1] This case is jointly administered with the case of Arabella Operating, LLC, Case No. 17-41479-rfn.

17.  Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Arabella Exploration, LLC and Arabella Operating, LLC. The docket for Arabella Exploration, LLC, Case No. 17-40120-rfn, should be consulted for all matters affecting these cases.

18. Finally, the Debtors respectfully request that this Court enter an order directing that any creditor filing a proof of claim against either of the Debtors or their respective estates should file that proof of claim only in the particular chapter 11 case of the Debtor against whom such claim is asserted (or, for claims against Debtors, in each of the chapter 11 cases of the Debtors against whom the claim is (are) asserted).[5]

### Notice of This Motion

19. Notice of the filing of this motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) AO's secured creditors; (c) AO's 20 largest unsecured creditors; (d) any parties that filed notices of appearances or requests for notice. Debtors submit that, under the circumstances, no further notice is necessary and request that any further notice be dispensed with and waived.

### No Prior Request

20. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the joint administration of these chapter 11 cases under the case number assigned to Arabella Exploration, LLC and (b) granting such other and further relief as it may deem just, equitable and proper.

---

[5] The relief requested in this motion is without prejudice to the Debtors' right to object to any filed claim on substantive and/or procedural grounds.

MILLER JOHNSON
Co-Counsel for Debtors

Dated: April 5, 2017

By /s/ Rachel L. Hillegonds
David A. Hall
Michigan Bar #P81426
halld@millerjohnson.com
John T. Piggins
Michigan Bar #P34495
pigginsj@millerjohnson.com
Rachel L. Hillegonds
Michigan Bar #P67684
hillegondsr@millerjohnson.com
Business Address:
   PO Box 306
   Grand Rapids, Michigan 49501-0306
Telephone: (616) 831-1700

And

LAW OFFICES OF RAY BATTAGLIA, PLLC
Co-Counsel for Debtors

Dated: April 5, 2017

By /s/ Raymond W. Battaglia
Raymond W. Battaglia (TX Bar #01918055)
rbattaglialaw@outlook.com
66 Granburg Circle
San Antonio, TX - Texas 78218
210 601-9405

**CERTIFICATE OF SERVICE**

I certify that on this 5 day of April, 2017, the foregoing *Debtors' Motion for an Order Directing Joint Administration of their Chapter 11 Cases* was filed with the Court and a copy of same was served upon the Office of the United States Trustee for the Northern District of Michigan, AO's secured creditors, AO's 20 largest unsecured creditors, and all parties registered to receiver ECF filings in both the AEX and AO bankruptcy cases.

Cindy M. Sherwood, Legal Administrative Assistant to
John T. Piggins (Michigan Bar #P34495)
Rachel L. Hillegonds (Michigan Bar #P67684)